# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Suzanne B. Conlon | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 02 C 7058 | **DATE** | 12/11/2002 |
| **CASE TITLE** | THERIAULT vs. VILLAGE OF SCHAUMBURG, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
   ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Defendants' motion to dismiss [4-1] is granted in part. Count I is dismissed as to the Village of Schaumburg, John Raftery, Dirk Christiansen, David Chapman, and Richard Casler. Count II is dismissed as to the Village of Schaumburg, John Raftery, Michael Smith, Dirk Christiansen, David Chapman, and Richard Casler. The motion to dismiss Counts III, IV, and V is denied. Defendants shall answer all remaining claims by December 23, 2002. The court notes that plaintiff has failed to file a return of service as to defendant Capital Security and Investigations, Inc. ENTER MEMORANDUM OPINION AND ORDER.

*/s/ Suzanne B. Conlon*

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | Document Number |
|---|---|---|---|
| | No notices required. | number of notices | |
| ✓ | Notices mailed by judge's staff. | DEC 12 2002 date docketed | 19 |
| | Notified counsel by telephone. | | |
| | Docketing to mail notices. | | |
| | Mail AO 450 form. | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | |
| | | 12/11/2002 date mailed notice | |
| CB courtroom deputy's initials | | PW7 | |
| | | Date/time received in central Clerk's Office | mailing deputy initials |



JOHN P. THERIAULT, JR. )
)
          Plaintiff, ) No. 02 C 7058
)
v. ) Suzanne B. Conlon, Judge
)
VILLAGE OF SCHAUMBURG, et al., )
)
          Defendants. )

## MEMORANDUM OPINION AND ORDER

John Theriault, Jr. ("Theriault") sues Village of Schaumburg, Capital Security and Investigations, Inc. ("CSI"), James Perille, John Raftery, Michael Smith, Dirk Christiansen, David Chapman, and Richard Casler for malicious prosecution under state law (Count I), malicious prosecution under 42 U.S.C. § 1983 (Count II), intentional infliction of emotional distress under state law (Count III), conspiracy to violate civil rights under 42 U.S.C. § 1985 (Count IV), and civil conspiracy under state law (Count V). Defendants Village of Schaumburg, Raftery, Smith, Christiansen, and Casler (collectively "movants") move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). Theriault, who is represented by counsel, fails to respond.

## BACKGROUND

For purposes of a motion to dismiss, the court accepts all well-pleaded allegations in the complaint as true and draws all reasonable inferences in favor of the nonmovant. *Stachon v. United Consumers Club, Inc.*, 229 F.3d 673, 675 (7th Cir. 2000). CSI hired Theriault to serve as a security guard, supervisor of investigations, and office manager until Theriault resigned on January 28, 2000.

1

14

On that day, Perille, owner of CSI and a patrol officer for the Village of Schaumburg, directed James DiJohn, an employee of CSI, to report to Raftery of the Schaumburg Police Department that Theriault deleted CSI computer files prior to leaving the premises. The next day, Perille directed DiJohn to report that Theriault stole twenty-four P.E.R.C. cards, which are documents issued to private detective license applicants.

On April 5, 2000, Theriault reported to Perille and the Illinois Department of Employment Security that CSI was not paying for P.E.R.C. cards as required. Perille then contacted Smith at the Schaumburg Police Department, stating that he wanted Theriault criminally charged with destroying computer files and stealing P.E.R.C. cards. On April 12, 2000, Theriault filed a citizen complaint against Perille on grounds that Perille violated state licensing laws and over-billed clients. Schaumberg Police Chief Casler instructed the police department to ignore the complaint.

On May 23, 2000, Perille ordered DiJohn to sign a two-count complaint alleging criminal damage to property and theft. Perille and Smith instructed DiJohn to falsely testify at a probable cause hearing that Theriault destroyed computer records and had taken documents from CSI. Upon considering DiJohn's false testimony, the Circuit Court made an incorrect finding of probable cause and issued a warrant for Theriault's arrest. On June 2, 2000, Theriault was arrested, booked, and released after posting bond.

The state filed four motions to continue the case. In December 2000, the court granted the state's motion to *nolle prosequi* the case. Six months later, Perille refiled charges in the Circuit Court of Cook County by signing a second two-count complaint. At the probable cause hearing, Perille falsely testified that a secretary, Christine VanGemert, witnessed Theriault delete records from a CSI computer. Perille offered no testimony regarding the P.E.R.C. cards. Based on Perille's

false testimony, the Circuit Court judge incorrectly found probable cause and ordered Theriault to appear and answer the charges. The court twice granted the state's motions to continue and the trial was set for October 11, 2001. Theriault entered a plea of not guilty. Upon completion of the state's case at trial, Theriault's motion for a directed finding of not guilty was granted on both counts.

## DISCUSSION

### I. Legal Standard

A motion to dismiss tests the sufficiency of the complaint, not its merits. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). In ruling on a motion to dismiss, the court considers "whether relief is possible under any set of facts that could be established consistent with the allegations." *Pokuta v. Trans World Airlines, Inc.*, 191 F.3d 834, 839 (7th Cir. 1999), *citing Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). A motion under Rule 12(b)(6) should not be granted "unless it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Gibson*, 355 U.S. at 45-46.

### II. Malicious Prosecution under State Law (Count I)

To establish a malicious prosecution action under Illinois law, a plaintiff must demonstrate he was subjected to judicial proceedings for which no probable cause existed; defendants instituted or continued the proceedings maliciously; the proceedings terminated in plaintiff's favor; and plaintiff suffered injury. *Sneed v. Rybicki*, 146 F.3d 478, 480-81 (7th Cir. 1998); *Reed v. City of Chicago*, 77 F.3d 1049, 1051 (7th Cir. 1996), *citing Curtis v. Bembenek*, 48 F.3d 281, 286 (7th Cir. 1995). Movants argue Theriault's complaint fails to allege that Theriault was injured, or that any movant commenced or continued criminal proceedings against him. Movants also assert immunity for discretionary acts under 745 ILCS 102-201.

3

## A. Injury

Movants argue that Theriault fails to allege that he was injured beyond the cost and annoyance of defending the underlying action. *Penn v. Harris*, 276 F.3d 573, 576 (7th Cir. 2002). But Theriault alleges that he suffered loss of liberty, property, reputation, and other injuries. Further, Theriault allegedly suffered these injuries as the result of two criminal proceedings that lasted from May 2000 until October 2002 based on the deliberate falsification of information at two probable cause hearings. These allegations satisfy the injury that *Penn* requires a plaintiff to allege.

## B. Commencement or Continuation of Criminal Proceedings

Defendants argue that the complaint fails to allege movants commenced or continued criminal proceedings against Theriault. Indeed, no movant signed Theriault's criminal complaints. However, Theriault need only allege that defendants "played a significant role in causing [his] prosecution." *Frye v. O'Neill*, 166 Ill. App. 3d 963, 975, 520 N.E.2d 1233, 1240 (4th Dist. 1988). Theriault claims that Perille directed DiJohn to call Raftery in order to file criminal allegations. Raftery's acceptance of a phone call is insufficient to allege that Raftery played a significant role in causing Theriault's prosecution. Theriault's allegations against Smith are more substantial. The complaint alleges that DiJohn falsely testified at Theriault's first probable cause hearing based on instructions from Perille and Smith. Because Theriault's initial prosecution was based on the court's finding of probable cause after DiJohn's alleged false testimony, the complaint sufficiently alleges that Smith used improper influence to secure prosecution. *Reed*, 77 F.3d at 1053. The complaint fails to allege that any other movant played a role in causing Theriault's prosecution.

4

## C. Immunity under 745 ILCS 102-201

Movants argue that Smith enjoys immunity under 745 ILCS 10/2-201 from liability resulting from discretionary acts. Unlike cases cited by movants, *Anderson v. Village of Forest Park*, 238 Ill. App. 3d 83, 94 606 N.E.2d 205 (1992) (section 2-201 protects police officer making decision whether to seize person for medical evaluation), *Crowley v. Village of Berwyn*, 306 Ill. App. 3d 496 (1999) (section 2-201 protects firefighter's decision as to where to place ladder), *Reese v. May*, 955 F. Supp. 869, 875-76 (N.D. Ill. 1996) (officers' actions in conducting criminal investigations were discretionary), Smith is not immune from suit because his alleged participation in securing false testimony at a probable cause hearing is clearly not a discretionary act in determining policy under 2-201. Accordingly, Smith is not immune from suit.

## III. Malicious Prosecution under 42 U.S.C. § 1983 (Count II)

To prove police officer liability under 42 U.S.C. § 1983, Theriault must show that (i) he was deprived of a federal right, and (ii) that the deprivation was imposed upon him by one or more persons acting under color of state law. *Ienco v. City of Chicago*, 286 F.3d 994, 998 (7th Cir. 2002). Movants argue that Count II should be dismissed as to the Village of Schaumburg because the complaint does not satisfy the requirements of *Monell v. New York City Department of Social Services*, 436 U.S. 658, 690-91 (1978). Movants argue that Count II should also be dismissed as to the other movants because § 1983 claims for malicious prosecution are no longer viable in the Seventh Circuit, movants did not participate in any alleged constitutional deprivation, and the statute of limitations precludes action against Smith's alleged participation in encouraging false testimony.

5

### A. Allegations Against a Municipality

To state a cause of action against the Village of Schaumburg, Theriault must allege that (i) he suffered a deprivation of a federal right, (ii) as a result of either an express municipal policy, widespread custom, or deliberate act of a decision-maker with final policy-making authority for the municipality, which (iii) was the proximate cause of his injury. *Id.*, *citing Monell*, 436 U.S. at 690-91 (1978). Theriault fails to make these allegations. Consequently, Count II is dismissed as to the Village of Schaumburg.

### B. Claims for Malicious Prosecution under 42 U.S.C. § 1983

In *Newsome v. McCabe*, 256 F.3d 747, 751 (7th Cir. 2001), the Seventh Circuit explained there is no constitutional right not to be prosecuted without probable cause. *Id.* at 750-51. Therefore, Theriault may not state a § 1983 claim simply by alleging that he was maliciously prosecuted. *Penn v. Harris*, 296 F.3d 573, 576 (7th Cir. 2002). Further, a tort claim under state law obviates a constitutional theory of malicious prosecution. *Newsome*, 256 F.3d at 750. However, a plaintiff may be able to state a Fourth Amendment claim under § 1983 if probable cause did not exist at the time of the arrest. *Newsome*, 256 F.3d at 750; *Corbett v. White*, 2001 WL 1098054 (N.D. Ill. 2001). The complaint alleges that probable cause did not exist at the time of Theriault's arrest because the court twice made incorrect rulings based upon false testimony. Theriault may be able to allege violations of his Fourth Amendment rights. But liability under § 1983 does not attach unless the individual defendant caused the constitutional deprivation. *Luck v. Rovensteine*, 168 F.3d 323, 327 (7th Cir. 1999). As specifically alleged in the complaint, Smith encouraged falsified testimony that resulted in an alleged false finding of probable cause. Although the federal rules provide for notice pleading, Theriault's factually detailed complaint alleges that only Smith took part

in the constitutional deprivation. Therefore, Count II is dismissed as to Raftery, Christiansen, and Casler.

## C. Statute of Limitations

The statute of limitations for claims arising under § 1983 is two years. 735 ILCS § 5/13-202; *Ashafa v. City of Chicago*, 146 F.3d 459, 461 (7th Cir. 1998). Smith's participation in the claimed violation of Theriault's constitutional rights occurred when he allegedly encouraged false testimony at the probable cause hearing on May 25, 2000, which resulted in Theriault's arrest on June 2, 2000. The statute of limitations thus expired on June 2, 2002. Theriault filed his complaint October 2, 2002. Therefore, his Fourth Amendment claim under § 1983 against Smith is dismissed as untimely.

## IV. Intentional Infliction of Emotion Distress under State Law (Count III)

To state a claim for intentional infliction of emotional distress under Illinois law, a plaintiff must allege that (i) the defendant's conduct was extreme and outrageous, (ii) the defendant either intended that his conduct inflict severe emotional distress, or knew there was a high probability that his conduct would cause severe emotional distress, and (iii) the defendant's conduct in fact caused severe emotional distress. *Doe v. Calumet City*, 161 Ill.2d 374, 641 N.E.2d 498, 506 (1994). The complaint contains all elements necessary to allege intentional infliction of emotional distress. Movants argue that Theriault must allege conduct that exceeds all bounds of human decency, but federal notice pleading rules do not require a complaint to be more factually specific. *Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168-169 (1993) ("heightened pleading standards" are contrary to the system of notice pleading); *Jackson v. Marion County*, 66 F.3d 151, 153 (7th Cir. 1995) (plaintiffs need not plead facts, they may plead

7

conclusions, so long as those conclusions provide defendants with minimum notice of the claim). Therefore, Theriault states a claim of intentional infliction of emotional distress.

## V. Conspiracy to Violate Civil Rights under 42 U.S.C. § 1985 (Count IV)

To establish conspiracy under 42 U.S.C. § 1985, Theriault must allege (i) an agreement among defendants to deprive him of his Constitutional rights, and (ii) actual deprivation of those rights in the form of overt acts in furtherance of the agreement. *Vukadinovich v. Zentz*, 995 F.2d 750, 756 (7th Cir. 1993). Movants argue that the complaint fails to allege violation of an underlying constitutional right. However, Theriault alleges an agreement and specific overt acts that caused him to be arrested and charged with criminal offenses without probable cause in violation of his constitutional rights. These allegations sufficiently put defendants on notice of the charges, and Count IV withstands dismissal.

## VI. Civil Conspiracy under State Law (Count V)

Under Illinois law, a civil conspiracy claim must include allegations of an agreement and a tortious act committed in furtherance of that agreement. *Credit Ins. Consultants, Inc. v. Gerling Global Reinsurance Corp. of America*, 210 F. Supp. 2d 980, 986 (N.D. Ill. 2002), *citing McClure v. Owens Corning Fiberglas Corp.*, 188 Ill.2d 102, 133, 241 Ill.Dec. 787, 720 N.E.2d 242, 258 (1999). Conclusory allegations of a combination of acts as a conspiracy is not sufficient to state a claim for conspiracy. *Buckner v. Atlantic Plant Maintenance, Inc.*, 182 Ill.2d 12,23, 230 Ill.Dec. 596, 694 N.E.2d 565, 571 (1998). Movants argue that Theriault fails to allege any tortious conduct or constitutional violations. However, Theriault specifically alleges that an agreement between defendants existed in order to present perjured testimony for the purpose of commencing and

continuing criminal proceedings against Theriault without probable cause. Theriault has satisfied minimal pleading requirements and the civil conspiracy claim stands.

## CONCLUSION

Count I sufficiently alleges that Smith played a significant role in causing Theriault's prosecution. Smith is not immune from suit under 745 ILCS 10/2-201 because his alleged participation in securing false testimony at a probable cause hearing is not a discretionary act. Count 1 is dismissed as to the Village of Schaumburg, Raftery, Christiansen, Chapman, and Casler. The complaint fails to allege that these defendants played a significant role in causing Theriault's prosecution. Count II is dismissed as to all movants. Theriault fails to allege that the Village of Schaumburg violated his rights as a result of municipal policy or custom. Theriault's Fourth Amendment claim under § 1983 does not allege that movants other than Smith caused his constitutional deprivations. Theriault's claim against Smith under § 1983 is untimely.

The motion to dismiss Counts III, IV, and V is denied. Federal notice pleading does not require Theriault's complaint to be more factually specific. The complaint contains all necessary elements to allege intentional infliction of emotional distress, conspiracy under § 1985, and civil conspiracy under Illinois law.

December 11, 2002

ENTER:

Suzanne B. Conlon
United States District Judge